A. G. N. Vermilye, for appellants.

J. D. Quincy, for respondent.

EHRLICH, C. J. The action was once dismissed on the pleadings, but on appeal to the general term a new trial was ordered. See 18 N. Y. Supp. 163. This meant, in effect, that the issue, which is one res adjudicata, must be tried and determined by evidence pro and con. The former action was for work and material under a special contract. The present action is for extra work, which the plaintiffs were not bound to include in the other action. See Secor v. Sturgis, 16 N. Y. 548. The bill of particulars served states that the extra work was not involved in such former suit. The bill of particulars must be regarded as an amplification of the complaint, and it is to be read in connection with it. So construed, it was quite consistent with the record to prove that the item of extra work was not included in the other action. Burwell v. Knight, 51 Barb. 267. With this view, the plaintiff should have been permitted to prove that the extra bill was due and unpaid, together with any fact or circumstance showing that it was not in fact drawn in issue and passed upon at the trial of the other action. The rulings of the trial judge diminished—in some instances, deprived—the plaintiffs of this right, and for this reason the judgment appealed from ought to be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.

---

(3 Misc. Rep. 49.)

### BOEHNCKE v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term. March 27, 1893.)

ACTION AGAINST STREET RAILWAY COMPANY—INJURY TO PASSENGER—DEFECTIVE STEP—QUESTION FOR JURY.

In an action against a street-car company, it appeared that, when plaintiff was getting on board of defendant's car, his foot slipped into an opening at the back of the step, where it got caught, and he was injured thereby. The evidence showed that for a number of years, in the leading cities of the country, steps with closed backs had been used, partly to strengthen them, and partly to prevent the passenger's foot from slipping in between the head of the wheel and the platform, and some of defendant's cars were fitted with such steps. Held, that it was a question for the jury whether defendant was negligent in having any open-backed steps on its cars.

Action by Frank E. Boehncke against the Brooklyn City Railroad Company for personal injuries. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN WYCK and OSBORNE, JJ.

Edgar Bergen and A. H. Dailey, for appellant.

Moore & Wallace, for respondent.

VAN WYCK, J. There is testimony in this case, assuming the truth thereof, which shows that the driver of defendant's car, in response to plaintiff's signal, brought his car almost to a stop; that plaintiff, in his attempt to get aboard, placed his foot on the step, when his foot slipped into the opening at the back of the step, and was caught so tightly therein that he could neither get on, nor get

his foot detached from the car, and was injured thereby; that the step was an open-backed one,—there being no riser between the tread of the step and the platform; that for seven years, in the leading cities of the country, and for five years in Brooklyn, closed-backed steps were in common use on horse cars, and for a number of years were, and still are, in use on part of the cars of defendant; that there was a double object for the use of such steps, viz. to strengthen them, and to prevent the feet of passengers from slipping through the space between the tread of the step and the platform. Whether or not the defendant exercised ordinary care in having an open-backed step on this car, under such circumstances, was, in our opinion, a question for the jury. The fact that the other kind of step was in common use, and for the purpose of preventing just such accidents, would justify a finding of the jury that defendant was negligent in respect to this step, and we think it was error for the court to take the question from them. Hegeman v. Railroad Corp., 13 N. Y. 9; Smith v. Railroad Co., 19 N. Y. 127; Boyce v. Railroad Co., 118 N. Y. 314, 23 N. E. Rep. 304. Judgment and order must be reversed, with costs to appellant to abide the event, and new trial ordered.